**Jose S. HINOJOSA, Appellant,**

v.

**George H. EDGERTON et al., Appellees.**

No. 14690.

Court of Civil Appeals of Texas.

San Antonio.

May 22, 1968.

Rehearing Denied June 19, 1968.

F. R. Nye, Jr., Rio Grande City, Luther E. Jones, Jr., Corpus Christi, for appellant.

Rankin, Kern, Martinez & Van Wie, McAllen, for appellees.

BARROW, Chief Justice.

This is an appeal from a summary judgment ordering appellant, in his capacity as County Clerk of Starr County, to strike and delete some forty-five described instruments which had been recorded in the official records of the County Clerk's office in violation of the recording statutes of Texas. It is alleged that appellant planned to introduce into evidence said instruments in a partition suit pending between appellant and appellees after their authenticity was established. Appellant does not question the finding that said instruments were recorded in violation of law, but urges that appellees, George H. and Robbie H. Edgerton's suit is barred by the four-year statute of limitations [1] as to all instruments except one.

■ The record shows that all instruments but one were recorded in 1957 and this suit was filed on December 10, 1964. Appellant duly pleaded the four-year statute of limitations, and appellees did not attempt to prove when they discovered that said instruments were wrongfully placed of record. This was appellees' burden. Gulf Coast Investment Corp. v. Lawyers Surety Corp., 416 S.W.2d 779 (Tex.Sup.1967).

■ The question for our determination is whether this suit is governed by the four-year statute of limitations or by Art. 3726, Vernon's Ann.Civ.St., which provides in part that "every instrument which has been, or hereafter may be actually recorded for a period of ten (10) years in the book used by said Clerk for the recording of such instruments, whether proved or acknowledged in such manner or not, shall be admitted as evidence in any suit in this State, without the necessity of proving its execution; provided, no claim adverse or inconsistent to the one evidenced by such instrument shall have been asserted during that ten (10) years; * * *."

The four-year statute of limitations applies to those actions other than for recovery of real estate or for which no limitation is otherwise prescribed. It is seen that Art. 3726, although primarily a rule of evidence, specifically recognizes a period of ten years for the assertion of a claim adverse or inconsistent to the claim evidenced by the recorded instrument. Frede v. Lauderdale, 322 S.W.2d 379 (Tex. Civ.App.,—San Antonio 1959, writ ref'd n. r. e.); 49 Tex.Jur.2d, Records and

1. Article 5529, Vernon's Ann.Civ.St.

Registration Acts, § 186. To hold, as urged by appellant, that a suit to strike an instrument unlawfully recorded must be filed within four years would be to definitely restrict and limit the period provided for in Art. 3726. We conclude that this suit is not controlled by the four-year statute of limitations.

The judgment is affirmed.